**Electronically Filed
Intermediate Court of Appeals
30181
29-NOV-2010
07:47 AM**

NO. 30181

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DAVID E. SCONDRAS, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTC-09-031720)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant David Scondras (Scondras) appeals
from the Notice of Entry of Judgment and/or Order and
Plea/Judgment filed on October 19, 2009 in the District Court of
the First Circuit, 'Ewa Division (District Court).[1]

Scondras was convicted of Excessive Speeding, in
violation of Hawaii Revised Statutes § 291C-105(a)(1)-(2) (2007
Repl.). At trial, over the objection of defense counsel, the
District Court admitted testimony by Officer Everett Sakai
(Officer Sakai) that a laser gun reading showed Scondras's
vehicle traveling at 88 mph.[2]

---

[1] The Honorable David Lo presided.

[2] Scondras objected to testimony about Officer Sakai's training, his
testing and operation of the laser gun, and to the laser gun reading.

On appeal, Scondras contends that the District Court erred in convicting him without sufficient foundation that the laser gun was tested according to the manufacturer's recommended procedures. Scondras further contends that there was insufficient proof that Officer Sakai was qualified by training and experience to operate the laser gun.

The State concedes that it failed to lay sufficient foundation for admission of the laser gun speed reading and agrees that the conviction should be reversed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Scondras's points of error as follows:

Officer Sakai initially testified that he received a training "manual provided by . . . the manufacturer" of his laser gun; that his "training [was] based upon that manual"; that he was taught the four tests "recommended by the manufacturer to determine whether or not the [laser gun] was working properly" which were "contained in the manual"; that he performed those tests "in the way that [he was] trained"; and that "the device [was] working properly within the manufacturer's specifications[.]" However, Officer Sakai later acknowledged that the manual had a Honolulu Police Department (HPD) emblem on its cover, and he did not know if the manufacturer wrote the manual or if HPD wrote the manual.

In light of the foregoing, the record does not sufficiently reflect that the laser gun was tested, or that Officer Sakai was trained, in accordance with the manufacturer's specifications. Consequently, the State failed to adduce sufficient evidence regarding the accuracy of the laser gun reading, and the laser gun reading should not have been admitted into evidence. State v. Assaye, 121 Hawai'i 204, 210-14, 216

P.3d 1227, 1233-37 (2009). Without evidence of the laser gun reading, there is insufficient evidence to convict Scondras of Excessive Speeding. Therefore,

IT IS HEREBY ORDERED THAT the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on October 19, 2009 in the District Court of the First Circuit, 'Ewa Division, is reversed.

DATED: Honolulu, Hawai'i, November 29, 2010.

On the briefs:

Jacquelyn T. Esser
Deputy Public Defender
for Defendant-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3